IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **APRIL L. LANDRETH,** | ) | **CASE NO. 7:05CV5012** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| **JO ANNE B. BARNHART,** | ) | |
| **Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |

    This matter is before the Court on the Plaintiff's motion for new trial and supporting brief (Filing No. 20).

    In the previously issued opinion, the Court stated the following with respect to the issue of obesity, raised for the first time on appeal:

> Landreth never raised her obesity as an issue relating to her alleged disability in the application process for disability or SSI benefits, in completing her interrogatories, or during the hearing.  Moreover, none of her treating physicians addressed obesity as a factor relating to her complaints. The consultative physician also did not address the issue.  Therefore, because Landreth did not include her obesity as a basis for her alleged disability, the ALJ is not obliged to address the issue. *Mousseau v. Barnhart,* 119 Fed. Appx. 18, at **1 (8th Cir. 2004); *Gregg v. Barnhart,* 354 F.3d 710, 712-13 (8th Cir. 2003); SSR 02-01p, 2000 WL 628049 (S.S.A.) at *7 (Sept. 12, 2002).

    In her motion for new trial and supporting brief, Landreth relies on *Sims v. Apfel,* 530 U.S. 103 (2000), for the proposition that issue preclusion is not required in a social security case. In *Sims,* the Supreme Court reversed the Fifth Circuit Court of Appeals, holding that a social security claimant who exhausts administrative remedies "need not also exhaust issues in a request for review by the Appeals Council." *Id.* at 112.  Specifically in Sims's case, the Fifth Circuit concluded that it lacked jurisdiction to consider two issues relating

to the sufficiency of questions posed to a vocational expert and whether the Administrative Law Judge should have ordered a consultative examination.  *Id.* at 105-06.

Landreth's case presents a different situation.  In filing her application for benefits or during the hearing before the administrative law judge, Landreth never alleged that she suffered any limitations as a result of her obesity.  In determining that a claim could not be raised on appeal in a similar situation, the Eighth Circuit Court of Appeals stated:

> [W]e turn to Anderson's claim that the ALJ failed to consider his morbid obesity as an impairment. This claim is without merit. Although the ALJ noted Anderson's obesity in its decision, . . . Anderson never alleged any limitation in function as a result of his obesity in his application for benefits or during the hearing. Accordingly, this claim was waived from being raised on appeal. See *Pena v. Chater,* 76 F.3d 906, 909 (8th Cir.1996) (noting that the ALJ is under no " 'obligation to investigate a claim not presented at the time of the application for benefits and not offered at the hearing as a basis for disability'") (quoting *Brockman v. Sullivan,* 987 F.2d 1344, 1348 (8th Cir.1993)).

*Anderson v. Barnhart,* 344 F.3d 809, 814 (8th Cir. 2003).

The *Anderson* court addressed the same issue presented before this Court.  For this reason, the Plaintiff's motion for new trial is denied.

IT IS ORDERED that the Plaintiff's motion for new trial (Filing No. 20) is denied.

DATED this 10th day of October, 2006.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge